~~F.Supp. 1401 (Jud.Pan.Mult.Lit.1974). Moreover, the Panel expressly retained the power to fill any vacancies created on the Special Court. Id. at 1403. Inasmuch as the Honorable Carl McGowan, United States Circuit Judge of the Court of Appeals for the District of Columbia Circuit, has resigned from the Special Court, we hereby select and appoint the Honorable John Minor Wisdom, United States Circuit Judge of the Court of Appeals for the Fifth Circuit, to fill the vacancy.
It is so ordered.~~



## In re AIR CRASH DISASTER NEAR SAIGON, SOUTH VIETNAM, ON APRIL 4, 1975.

### No. 221.

Judicial Panel on Multidistrict Litigation.

Nov. 5, 1975.

Motion was made for coordinated or consolidated pretrial proceedings with respect to five actions, pending in five different districts, arising out of foreign air crash which resulted in the deaths of over 150 persons. The Judicial Panel on Multidistrict Litigation held that the transfer to the District of Columbia, in which there was pending an action involving the most significant number of plaintiffs, would best serve convenience of parties and witnesses and promote just and efficient conduct of litigation.

Transfer for coordinated or consolidated pretrial proceedings ordered.

1. Courts ⟐277.2

Where five actions arising out of foreign airplane crash resulting in the death of over 150 people had been filed in five different districts, anticipation of additional filings did not make an order transferring litigation to particular district for coordinated or consolidated pretrial proceeding premature since there had been sufficient development so that an informed decision on propriety of transfer and appropriate transferee court could be made and there were well-established procedures by which additional "tag-along" actions could be quickly considered for transfer. 28 U.S.C.A. § 1407.

2. Courts ⟐277.2

Where five actions had been filed in five different districts in various parts of country as result of a foreign airplane crash resulting in the deaths of over 150 persons, Judicial Panel on Multidistrict Litigation determined that the transfer of the actions to the District of Columbia, in which there was pending litigation involving the claims of the most significant number of plaintiffs, for coordinated or consolidated pretrial proceedings would best serve convenience of parties and witnesses and promote the just and efficient conduct of litigation. 28 U.S.C.A. § 1407.

3. Courts ⟐277.2

In air disaster litigation in which a motion is made for transfer for coordinated or consolidated pretrial proceedings, Judicial Panel on Multidistrict Litigation is extremely reluctant to select a district in which no related action is pending. 28 U.S.C.A. § 1407.

---

## OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

\* Judge Murrah was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

IN RE AIR CRASH DISASTER NEAR SAIGON, SOUTH VIETNAM    479
Cite as 404 F.Supp. 478 (1975)

PER CURIAM.

A Lockheed C-5A aircraft, owned and operated by the United States Air Force, crashed shortly after takeoff from the Saigon Airport in the closing days of the Vietnam War. The plane, carrying over 300 persons, was evacuating Vietnamese orphans in the so-called "Baby-Lift." One hundred fifty-five people died as a result of the crash.

[1] Five actions arising out of this tragedy are thus far pending in five different districts: one each in the District of the District of Columbia, the Southern District of New York, the Central District of California and the Southern and Northern Districts of Illinois. Lockheed, the sole defendant to date in each action, moves the Panel for an order transferring this litigation to the Northern District of Georgia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. All responding parties, with one exception,[1] agree that transfer under Section 1407 is appropriate, but they suggest transferee courts other than the Northern District of Georgia. Plaintiffs in the District of Columbia action favor transfer there while plaintiffs in the Southern and Northern Illinois actions favor transfer to their locale. Plaintiffs in the Northern Illinois action alternatively favor transfer to the Central District of California, as do plaintiffs in the action pending in that district in the event their prematurity argument is rejected.[2]

[2] These actions clearly involve common questions of fact and we find that their transfer to the District of the District of Columbia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

As is usually the case in multidistrict air disaster litigation, the only real issue in dispute among the parties is the location of the appropriate transferee forum. See, e. g., In re Air Crash Disaster at Florida Everglades on December 29, 1972, 360 F.Supp. 1394 (Jud.Pan. Mult.Lit.1973). Lockheed suggests that the Northern District of Georgia is the appropriate transferee court because the C-5A aircraft in question was manufactured at its plant in Marietta, Georgia, and the discovery taken of it will therefore occur in that district.

[3] Unlike air disaster litigation involving crashes occurring within the United States, which we have generally assigned to the district of the situs of the crash,[3] there are as yet no general rules that govern our selection of a transferee court in litigations concerning overseas air disasters. We have, however, previously rejected requests to transfer such litigations to the particular district wherein the plane involved was manufactured. See, e. g., In re Air Crash Disaster at Pago Pago, American Samoa, on January 30, 1974, 383 F. Supp. 501 (Jud.Pan.Mult.Lit.1974); In re Air Crash Disaster Near Papeete, Tahiti, on July 22, 1973, 397 F.Supp. 886 (Jud.Pan.Mult.Lit.1975). And we are, as we noted in the Papeete decision, extremely reluctant to select a district, like the Northern District of Georgia in the

---

1. Plaintiffs in the California action have argued that a transfer at this time would be premature since only a minimal number of actions have yet been filed with many more filings expected. We disagree. Although additional actions will likely be filed in this litigation, there has been sufficient development so that an informed decision on the propriety of transfer and the appropriate transferee court can be made. And, we note, there are well established procedures by which additional "tag-along" actions can be quickly considered for transfer under Section 1407. See Rules 9 and 10, R.P.J.P.M. L., 65 F.R.D. 253, 259–60 (1975).

2. See footnote 1, supra.

3. See, e.g., In re Air Crash Disaster Near Upperville, Virginia, on December 1, 1974, 399 F.Supp. 1089 (Jud.Pan.Mult.Lit.1975); In re Delta Airlines Crash at Boston, Massachusetts, on July 31, 1973, 373 F.Supp. 1406 (Jud.Pan.Mult.Lit.1974).

instant litigation, in which no related action is pending. Accordingly, a transfer to the Northern District of Georgia will not be ordered.

The arguments on behalf of a transfer of this litigation to the Northern or Southern Districts of Illinois or the Central District of California are similarly unpersuasive. Other than the pendency of single actions in these districts involving few named plaintiffs, there is little that would commend them as appropriate transferee courts for this particular litigation.

The action pending in the District of the District of Columbia, on the other hand, involves the claims of the most significant number of plaintiffs. In addition to the six named plaintiffs, a group called Friends for All Children, Inc. (FFAC) has joined as plaintiff in that action. FFAC is the personal representative of 77 of the orphan decedents and has been appointed administrator of their estates. Thus, the claims of 83 of the 155 decedents are presently before the court in the District of Columbia. Moreover, the intervening political circumstances in Vietnam following the crash in question will likely complicate the discovery necessary in this litigation. The location, in and near the District of Columbia, of the Government agencies from whom discovery will accordingly be sought is an additional factor dictating the selection of the District of the District of Columbia as the appropriate transferee court.

It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the District of the District of Columbia be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable William B. Jones for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action pending in that district and listed on Schedule A.

### SCHEDULE A

**Southern District of Illinois**

| | |
|---|---|
| Marcella P. Kaufman, etc. v. Lockheed Aircraft Corp. | Civil Action No. S-Civ-75-9 |

**Northern District of Illinois**

| | |
|---|---|
| American National Bank & Trust Company of Chicago, etc. v. Lockheed Aircraft Corp. | Civil Action No. 75-C-2160 |

**Southern District of New York**

| | |
|---|---|
| Patricia Dillenseger, etc. v. Lockheed Aircraft Corp. | Civil Action No. 75 Civ. 3092-CHT |

**Central District of California**

| | |
|---|---|
| Garnett E. Bell, et al. v. Lockheed Aircraft Corp., et al. | Civil Action No. CV75-2289-JWC |

**District of the District of Columbia**

| | |
|---|---|
| Richard H. Jones, etc. v. Lockheed Aircraft Corp. | Civil Action No. 75-0374 |

DOCKET NO. 221

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR SAIGON, SOUTH VIETNAM, ON APRIL 4, 1975

### ORDER REASSIGNING LITIGATION

Inasmuch as the actions in the above litigation have been reassigned from Judge William B. Jones to Judge Louis F. Oberdorfer, in accordance with the Local Rules for the United States District Court for the District of the District of Columbia,

IT IS THEREFORE ORDERED that the above-captioned litigation be, and the same hereby is, reassigned to the Honorable Louis F. Oberdorfer for the remainder of the coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

John Minor Wisdom
Chairman